**Lois SHARER; Steven Humber, Plaintiffs—Appellants,**

v.

**State of OREGON; Peter Ozanne; Peter Gartlan, Defendants— Appellees.**

No. 08–35396.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2009.

Filed Sept. 21, 2009.

Stephen L. Brischetto, Portland, OR, pro se.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Leigh Salmon, Oregon Department of Justice, Salem, OR, for Defendants–Appellees.

Before: GOODWIN, O'SCANNLAIN and FISHER, Circuit Judges.

### MEMORANDUM *

Steven Humber appeals the district court's order granting defendants judgment on the pleadings on Humber's claim of retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We treat defendants' motion for judgment on the pleadings "as one for summary judgment under Rule 56." *County Sanitation Dist. of L.A. v. Inland Container Corp.*, 803 F.2d 1074, 1078 (9th Cir. 1986). The record makes clear that defendants terminated Humber for legitimate, nondiscriminatory reasons, including his keeping an unlicensed pistol in his office and his severe neglect of his caseload responsibilities. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir.2002). The Chief Judge of the Oregon Court of Appeals concluded there had been considerable "slippage" in Humber's work performance. The court's staff likewise reported a "pattern of neglect" in Humber's cases, and Humber's supervisors received numerous complaints from his clients. Nothing in the record demonstrates that defendants have ever tolerated a pattern of poor work performance as

egregious as Humber's, or were aware his firearm was unlicensed.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.